119 N.J. Super. 438 (1972)
292 A.2d 38
DOROTHY H. LIMPERT, PLAINTIFF-APPELLANT,
v.
FRANCIS J. LIMPERT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1972.
Decided June 23, 1972.
*439 Before Judges LEWIS, HALPERN and LORA.
Mr. Robert S. Solomon argued the cause for appellant (Messrs. Kirsten, Solomon and Friedman, attorneys).
Mr. Alan M. Grosman argued the cause for respondent (Messrs. Grosman and Grosman, attorneys).
PER CURIAM.
Plaintiff, Dorothy H. Limpert, was divorced from defendant, Francis J. Limpert, in 1955, and granted custody of their 4 1/2-year-old son Gregory for whose support defendant was ordered to pay plaintiff $20 a week, plus necessary hospital, medical and dental expenses. Since plaintiff was working at the time, she did not seek alimony. Under an order entered October 27, 1961, the child support was increased to $27.50 a week, plus reasonable medical expenses.
By order to show cause, dated November 20, 1969, plaintiff instituted this action seeking (1) increased support for the son, Gregory, who was attending college in Boston; (2) *440 support for herself, since she was then unable to work due to polymyositis; and (3) counsel fees. An application for an oral hearing was denied and the matter was heard on affidavits and interrogatories. The trial judge found that Gregory was emancipated and terminated support and maintenance for him as of January 16, 1970. He also denied plaintiff's application for alimony at that time, but provided that if she were denied social security disability payments, further application for alimony could be made to the court. A counsel fee of $250, plus costs, was allowed plaintiff.
Plaintiff appealed from the whole of the order and the Appellate Division, in an unpublished opinion, reversed and remanded the entire matter for plenary hearing. Jurisdiction was not retained.
After such plenary hearing, the trial judge, by letter opinion dated April 26, 1971, found that the son was emancipated upon his graduation from high school and that defendant had no liability for the past, present, or future education of the son. He denied plaintiff's application for alimony and allowed a counsel fee of $350. Plaintiff appeals from the whole of that order.
Emancipation in its general sense signifies a surrender and renunciation of the correlative rights and duties touching the care, custody and earnings of the child. Cafaro v. Cafaro, 118 N.J.L. 123, 124 (E. & A. 1936). According to Straver v. Straver, 26 N.J. Misc. 218, 222 (Ch. 1948), there is no age fixed in the law when a child becomes emancipated; prior to 21 years there is a presumption against it, and the burden of establishing the status by competent evidence is on him who asserts it.
In Straver the court rejected the contention of a divorced father that he was no longer obligated to make support payments pursuant to a divorce decree by reason of the fact that his 18-year-old daughter had become emancipated in that she had relinquished the use of his name and had become known by the name of her stepfather, and that she refused to visit him. The court pointed out that the mother *441 had the custody and control of the child, that she lived with her, was subject to her parental domination, and was still attending school. Generally, as to voluntary acts of a child which will terminate a parent's obligation to support, see Annotation, 32 A.L.R.3d 1055 (1970).
Aside from the issue of emancipation, it appeared to be established law in this State that generally a father is under no duty to provide a college education for a son or daughter regardless of his financial capacity. Straver v. Straver, supra at 224. See also Rosenthal v. Rosenthal, 19 N.J. Super. 521, 526 (Ch. Div. 1952), mod. 26 N.J. Super. 400 (App. Div. 1953). However, there has been a trend in our courts towards providing greater education for children by including the expense of a college education as part of child support where the child shows scholastic aptitude and the parents are well able to afford it. See Khalaf v. Khalaf, 58 N.J. 63, 71-72 (1971), and the cases cited therein.
In the present case there is support in the record below for the trial judge's findings that Gregory's high school record demonstrated dubious scholastic ability and lackadaisical determination, and that neither the income of plaintiff nor defendant, nor both incomes combined, warranted the expense of a junior college in Boston in light of the availability of superior schools in this area at a far more reasonable cost.
It is noted that Gregory made some scholastic improvement after his first year at the junior college in Boston and, at the conclusion of his second year, was accepted for admission at the William Paterson College of New Jersey, in Wayne, New Jersey.
The trial judge, who had found that Gregory was emancipated upon graduation from high school, also found that he was capable of earning sufficient funds to pay his own way through school; that he had several excuses for not working continually in Boston; and that he had purchased a couple of hundred dollars worth of tools to work as an automobile mechanic during one summer, and should take cognizance *442 of the opportunity of automobile mechanics. On this basis, together with testimony as to the poor relationship between Gregory and his father, the trial judge eliminated support payments for Gregory as of January 16, 1970.
Our reading of the record leads us to conclude that under the rationale of Straver v. Straver, supra, 26 N.J. Misc. at 222, 224, the trial judge's finding of emancipation can hardly be sustained since the mother has custody of the boy and there is nothing in the record to suggest emancipation as far as the mother is concerned. It was her responsibility to raise the boy and determine what education was suitable for him under the circumstances.
As was stated in Straver:
In our case the petitioner, who has custody of the child under the order of this court is not seeking to impose on the father the cost of college education. She simply asks that he continue to support his daughter according to that order, while she assumes the burden of the tuition. When an order is made giving the custody of a child to a mother, there must be implicit in the order a grant of sufficient control to make the custody effective. In my judgment the mother in such a case is invested with the discretion to determine whether or not the child should receive education beyond that which is mandatory under the law. Having made a determination that the advanced education should be given, even though the cost thereof cannot be assessed against the father, his duty to maintain the child, having regard to her reasonable needs and to his financial condition, continues to exist. Petitioner had decided that her daughter should attend college. Such decision is her right under the custody order, and the defendant will be required to provide reasonable support, exclusive of the education cost, gauged by her needs and his means. [at 224]
Mrs. Limpert's annual income, including social security benefits, is now reduced from $7900 to approximately $4680. Defendant Limpert's income is approximately $16,600 annually.
Under the circumstances of this case, we have concluded that defendant, Francis J. Limpert, should pay the sum of $27.50 per week, retroactively to January 16, 1970, toward the support of his son Gregory while he successfully continues as a full-time student, and in regular course completes *443 his undergraduate work at college. We further conclude that plaintiff, Dorothy H. Limpert, be awarded the sum of $25 per week by way of alimony retroactive to said January 16, 1970. The allowance of counsel fees in the sum of $350 for services rendered below is inadequate and, accordingly, said allowance is increased to $750.
Remanded for entry of judgment in accordance with this opinion.