122 N.J. Super. 146 (1973)
299 A.2d 423
MARIE SCHUMM, PLAINTIFF,
v.
RICHARD MICHAEL SCHUMM, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 10, 1973.
*147 Mr. Bernard J. Berry, Jr., for defendant (Messrs. Riker, Danzig, Scherer & Brown, attorneys).
Mr. Michael D. Mark, for plaintiff (Messrs. Skoloff and Wolfe, attorneys).
HARTMAN, J.C.C., Temporarily Assigned.
Defendant moves to have vacated from a 1963 divorce decree of this court a provision therein for support of his oldest son who has arrived at age 18, contending that recent legislation makes every person 18 or more years of age an adult; that his son is resultingly emancipated within the legal interpretation of that term in husband and wife agreements and divorce *148 judgments, and that therefore his obligation to support that son has terminated. I do not agree.
Briefly summarizing the facts that clearly appear from the affidavits submitted and the testimony taken in open court: after a marriage of 12 years, the wife was granted a divorce in 1963. By written agreement a provision for support was approved, calling for the husband to pay $25 a week for each of two minor children and providing for the termination of child support upon emancipation. On March 26, 1972 the oldest boy attained his 18th birthday. He was a senior in high school at the time. He graduated in June 1972, continues to live with his mother and now attends Union College in Cranford, New Jersey.
In July 1972 defendant discontinued the boy's support payments, claiming he was no longer obliged to do so. In September of that year the mother filed her motion to adjudicate his arrears and to require him to continue the support while the boy attends college. The father then filed a crossmotion which, among other things, sought to terminate the boy's support.
The proofs establish that the father has remarried and has two minor children of that union. His ability to provide for his family and to pay alimony and the child support under the divorce decree are demonstrated by the proofs and by his continued faithful performance of the provisions of the original agreement except for his claim here. The mother, on the other hand, has a job whose income, in addition to the alimony and support payments, has enabled her not without difficulty to maintain her home and raise the two children in her custody. Whatever savings she had has been exhausted in living expenses. There is no room for luxuries. She presently has no savings or assets other than the home and an automobile on which payments are still due.
The boy has apparently shown aptitude for college and was accepted. It is a local college, which enables him to remain at home. He worked this past summer but did not earn enough to pay the rather modest cost of tuition. The *149 father cannot afford to contribute to his college expenses, nor can the mother. It should be noted that she has not asked for a contribution to the costs of college but seeks only the continuance of the support. Her willingness to tighten her belt in trying to keep the boy in college is commendable.
The modern trend is toward greater education. "Our courts have recognized this trend by including the expenses of a college education as part of child support where the child shows scholastic aptitude and the parents are well able to afford it." Khalaf v. Khalaf, 58 N.J. 63 (1971), and cases cited therein.
A child who shows aptitude for college should be encouraged in that direction. Here the mother is doing just that. The father cannot afford college expense and he is not being called on to pay for it. In these circumstances it seems only fair and equitable for the support provision to continue while the boy is attending college.
It remains to consider the recent legislation which extends to 18-year-olds basic civil and contractual rights and obligations which were, before the effective date of the act, applicable only to persons who were 21 or older. The act supplements Title 9 of the Revised Statutes. L. 1972, c. 81, N.J.S.A. 9:17B-1 to 3. Defendant contends that by reason of the act the boy is emancipated.
Emancipation is the "act by which one who was unfree, or under the power and control of another, is rendered free, or set at liberty and made his own master." "The term is principally used with reference to the emancipation of a minor child by its parents, which involves an entire surrender of the right to the care, custody and earnings of such child as well as a renunciation of parental duties." Black's Law Dictionary (4th ed. 1951), 613. "Emancipation in its general sense signifies a surrender and renunciation of the correlative rights and duties touching the care, custody and earnings of the child." Cafaro v. Cafaro, 118 N.J.L. 123 (E. & A. 1936); Limpert v. Limpert, 119 N.J. Super. 438 (App. Div. 1972).
*150 It has been frequently, and erroneously, argued before me that when a child reaches the age of majority he is immediately emancipated. This is not the law. There is no fixed age in the law when emancipation occurs. Straver v. Straver, 26 N.J. Misc. 218, 222 (Ch. 1948); Limpert v. Limpert, supra.
In its simplest terms, the present act concerning minors deems every person 18 or more years of age to be an adult, just as prior law deemed persons 21 or more years of age to be adults. The present law merely accelerates the age of adulthood, granting 18-years-olds the civil and contractual rights and obligations which theretofore applied to those who attained 21 years of age.
Prior law is settled that there existed a presumption against emancipation prior to 21, and the burden of rebutting that presumption by competent evidence was cast upon the one who asserted it. When a person reached 21 emancipation was not automatic. It was prima facie evidence of "but not necessarily emancipation." Straver v. Straver, supra. Applying former precedents, the same presumptions that existed before the present act became effective  January 1, 1973  continue to be operative, except that the theories now apply to 18-year-olds instead of those 21.
It is the responsibility of the custodian of a child to supervise his care, control, maintenance and education. Such custodian has the right to determine the kind of education which is suitable for the child so entrusted to its care. Where there is insufficient money available from either parent to afford college expenses but the custodian and the child are wiling to work toward providing a better education for him, even though the cost of education may not be assessed against the father, this court is invested with the power and authority to continue the father's obligation to support the child while he pursues that college education. This is the rationale of Straver v. Straver and Limpert v. Limpert, supra.
Defendant's motion to vacate the pending support provision is therefore dismissed.