391 So.2d 716 (1980)
Phyllis K. Hollander BERGER, Appellant,
v.
Roger HOLLANDER, Appellee.
No. 80-314.
District Court of Appeal of Florida, Second District.
December 17, 1980.
*717 Wayne O. Smith of Wallace, Smith & Finck, P.A., St. Petersburg, for appellant.
Radford W. Smith of Zewadski & Smith, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Appellant Phyllis K. Hollander Berger appeals that portion of a final judgment of enforcement of foreign divorce decree as local decree in which the Pinellas County circuit court refused to enforce the portion of a New Jersey judgment dealing with child support arrearages which had accrued after the parties' son Jeffrey became 18 years of age, and as it required appellee Roger Hollander to provide for Jeffrey's college education. We reverse.
The parties were married in June 1959. Two sons were born of the marriage, Jeffrey I. Hollander, June 21, 1960, and Scott N. Hollander, January 12, 1963. Appellant filed for a divorce in the Superior Court of New Jersey, Chancery Division, Essex County. The final judgment of divorce was entered in September 1968 and awarded custody of the two minor sons to appellant. The final judgment incorporated by reference a property settlement agreement entered into by the parties. This settlement provided, in part, that appellee would pay certain medical expenses and $40 per week child support for each son, with an adjustment provision in the event his income increased.
*718 On September 20, 1977, the New Jersey court entered an order holding that appellee was in arrears for child support for the years 1971 through 1974 in the amount of $5,200. The order required appellee to pay $52.50 per week child support from July 1, 1977 to July 1, 1978.
In March 1978, the New Jersey court entered another order finding that appellee had failed to pay child support for the years 1971 through 1974 in the amount of $5,200 and from January 1977 to March 1978 in the amount of $2,685. The order stated that appellee was to be arrested and confined to the county jail of Essex County until he became current in his arrearages or until he satisfied the court of his willingness to pay. The New Jersey order further required appellee to pay tuition, room and board and expenses of Jeffrey Hollander's college education.
In October 1978, appellant filed a complaint in the circuit court of Pinellas County seeking to establish and enforce the March 1978 New Jersey judgment as a local decree. Appellee, a resident of Pinellas County, filed an answer and affirmative defenses to the complaint as well as a motion for summary judgment. The Pinellas County court granted appellee's motion for summary judgment finding that Jeffrey Hollander was an emancipated young adult under the laws of both New Jersey and Florida.[1] The order further held that to require a divorced parent to be responsible for the higher education and support of a normal, healthy, emancipated person when a married parent has no such responsibility under the laws of New Jersey or Florida, would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. For that reason, the Pinellas County court established as a local decree only that portion of the New Jersey judgment which assessed child support arrearages for Jeffrey Hollander until his 18th birthday and all arrearages for Scott Hollander, a minor.
Article IV, Section 1, of the United States Constitution requires the courts of each state to give full faith and credit to the judicial proceedings of every other state. Thus, unless a valid final judgment of a sister state violates some public policy of the State of Florida, the courts of Florida must enforce it as they would a Florida judgment.
The New Jersey judgment in question may be divided into three parts for purposes of this discussion. The first part is concerned with child support for minor children where the payments are past due and unpaid at the time of the judgment. The second part deals with child support arrearages for a child over the age of 18 years which are past due and unpaid at the time of judgment. The third portion deals with future payments for college expenses which have not yet accrued when the judgment is rendered.
As to the first portion of the New Jersey judgment, there is no question that the Florida court was correct in extending full faith and credit. That part of the judgment was not subject to modification in the state of rendition and is, therefore, final for purposes of the full faith and credit clause. Sackler v. Sackler, 47 So.2d 292 (Fla. 1950).
The same finality appears in the portion of the New Jersey judgment which ordered appellee to pay child support for Jeffrey Hollander from the date of his 18th birthday to the time of rendition of the judgment. Under case law of the State of New Jersey, there is no fixed age in the law when emancipation occurs. Present New Jersey law merely accelerates the age of adulthood. Although age is prima facie evidence of emancipation, it is not necessarily emancipation. Schumm v. Schumm, 122 N.J. Super. 146, 299 A.2d 423 (1973); Limpert v. Limpert, 119 N.J. Super. 438, 292 A.2d 38 (1972). Thus, in New Jersey, appellee could be held to pay child support for his son after the age of 18. Recent Florida case law is not to the contrary. Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980). Inasmuch as the child support payments for *719 Jeffrey after his 18th birthday were reduced to a final judgment in New Jersey, that portion of the New Jersey judgment is entitled to full faith and credit in the State of Florida.
An order for future installments of child support not yet due is not enforceable under the requirements of the full faith and credit clause because the order is subject to modification by the court of rendition. Nevertheless, Florida courts may give effect to a foreign judgment under the principles of comity. As stated in Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (Fla. 1926), comity is the practice by which one court follows the decisions of another court on a like question, though not bound by the law of precedence to do so. The Herron opinion went on to state that the rules of comity "may not be departed from unless in certain cases for the purpose of necessary protection of [Florida] citizens or of enforcing some paramount rule of public policy." 110 So. at 542. We hold that, under the circumstances of the instant case, neither the public policy of New Jersey nor that of Florida is contravened by requiring a divorced parent, under certain circumstances, to provide an adult child with a college education.[2]
For these reasons, we reverse the final order of the trial court in this cause and direct that the March 1978 New Jersey judgment be established, in its entirety, as a Florida decree.
REVERSED.
BOARDMAN and CAMPBELL, JJ., concur.
NOTES
[1] N.J. Rev. Stat. § 9:17B-3; § 743.07, Fla. Stat. (1973).
[2] In Ross v. Ross, 167 N.J. Super. 441, 400 A.2d 1233 (1979), the court stated that the "continuing education of a child, through enrollment in college, university or other post-high school training program, has already been established as a possible basis for prolonging the noncustodial parent's support obligation beyond the age of majority." In that case the court decided that the daughter could not be considered emancipated until her law school training was completed. The father's obligation under the divorce decree to support his daughter "until emancipation" would include payment of support until completion of graduate school. That court held that "there is no clearly established cut-off date that would entitle the father to a ruling as a matter of law." 400 A.2d at 1235.

This court expressed similar sentiments in Nicolay v. Nicolay when we stated, "in lowering the age of majority, the legislature did not intend to deprive worthy children of the funds needed to attend college... . [T]here is no fixed rule forbidding an order of increased child support to finance a child's college education up to the age of twenty-one." 387 So.2d at 505. In that case we held that the lower court was correct in increasing the mother's alimony payments solely to allow her to furnish her children over 18 with college educations.