RYDER, Judge.
Samuel Codomo appeals from the entry of a summary judgment in favor of John Carroll and Lucille Carroll, the plaintiffs below. We affirm.
The Carrolls had filed a complaint seeking to establish as a Florida judgment a judgment which was obtained in California by Lucille Carroll against appellant Codo-mo. Codorno denied the allegations of the complaint and asserted as an affirmative defense that the California judgment was based upon a fraudulent conspiracy involving the appellees and others. In a two- *159 count counterclaim, Codorno alleged that: there was a conspiracy to injure his business and defraud him of property; the California judgment was obtained by fraud; the California court did not litigate the question of fraud; and the conspiracy “prevents any absolute obligation by the Florida courts to recognize said judgment.”
Subsequently, both parties filed motions for summary judgment. The trial court entered summary judgment in favor of both John Carroll and Lucille Carroll and denied appellant’s motion for summary judgment.
Appellant Codorno has claimed that there was a conspiracy to injure his business and defraud him of real estate located in Manatee County, Florida. Codo-rno then asserted as his conclusion that the California judgment was fraudulently obtained. Yet nowhere does appellant make any connection between the allegations of conspiracy and fraud and the assertion that the California judgment was obtained by fraud. Nor does the record support the conclusion reached by appellant. A mere assertion of fraud in obtaining a foreign judgment, without any substantiation whatsoever, will not operate to prevent establishment of the foreign judgment as a Florida judgment. See Fla.R.Civ.P. 1.110(b) and 1.120(b). While someone may have conspired against or defrauded appellant, appellant has failed to allege facts which would allow the conclusion that such a conspiracy or fraud was involved in the California case. The summary judgment against Codorno, establishing the California judgment as a Florida judgment, is supported by the record. See Newton v. Newton, 245 So.2d 45 (Fla.1971); Berger v. Hollander, 391 So.2d 716 (Fla. 2d DCA 1980).
The named plaintiffs in the California case, as in the case sub judice, were John Carroll and Lucille Carroll. However, the judgment in the California case was entered only in favor of Lucille Carroll. The trial court below granted the motion for summary judgment in favor of John Carroll and Lucille Carroll. The establishment of the California judgment as a Florida judgment must be in accordance with the actual California judgment; hence, we strike the name of John Carroll from the order below so that the order grants summary judgment only to Lucille Carroll.
It is also noted that the trial court ordered “defendant’s motion for summary judgment is not in the court file and apparently filed only within the last few days and is not' timely filed, is denied without prejudice.” [sic] We construe this portion of the order to mean that appellant’s counterclaim may be viable in a different proceeding and may be pursued accordingly.
As appellant has failed to demonstrate any reversible error, we AFFIRM the entry of summary judgment in favor of Lucille Carroll.
HOBSON, A.C.J., and GRIMES, J., concur.