**KATHLEEN L.H., Petitioner,**

v.

**WAYNE E.H., Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: Dec. 12, 1986.
Decided: Jan. 9, 1987.

Christine K. Demsey of Waserstein & Demsey, Wilmington, for petitioner.

Joseph W. Benson of Joseph W. Benson, P.A., Wilmington, for respondent.

KEIL, Judge.

This controversy presents the issue of the effect that a minor child's graduation from high school and subsequent full-time employment has on a Father's support obli-

gation under the Delaware Child Support Formula.

There are two children of this marriage: Karen, born on December 12, 1968, and Wayne, born on January 3, 1976. On March 18, 1986, the parties executed a stipulated order which provided *inter alia* that "[h]usband will provide support in accordance with the Melson Formula for their two minor children ... so long as they are eligible." Wayne E. (hereinafter "Father") paid $610.00 per month until June 1, 1986, when he unilaterally reduced the amount to $392.00 per month based on the asserted "emancipation" of the oldest child, Karen. At the time, Karen was 17 years old and had secured full-time employment. Kathleen E. (hereinafter "Mother") filed a petition seeking recovery of support arrears, and Father filed for modification of the support order.

Mother contends that while the Delaware Child Support Formula allows consideration of a child's earnings in computing the support obligation, it may only be considered in determining the child's primary support needs. It is her position that the "Standard of Living Adjustment" (SOLA) remains a part of Father's support obligation despite the child's earnings. "The real issue before the Court is whether ... the child has a right to enjoy the same, or as closely as possible, standard of living that the parents enjoy. In the child support formula the [SOLA] step apportions an amount of money to a child from the discretionary income of a parent to allow that child to enjoy some of the benefit from the station of life of the non-residential parent."

Section 501 of Title 13 provides:

(a) The duty to support a child under the age of 18 years, whether born in or out of wedlock, rests primarily upon his parents.

Nevertheless, § 506 of Title 13 provides that "No person shall be required to support another while he has just cause for failing or refusing to do so." It has been held that application of § 506 terminated a father's child support obligation during the time the mother concealed her whereabouts and those of the children for whom she had primary custodial responsibility. *Sears v. Sears*, Del.Fam., 462 A.2d 1099 (1983). Conceivably, the language is broad enough to permit termination of a support obligation in circumstances where a child becomes emancipated.

In *State ex rel. C.L.S. v. P.T.*, Del.Fam., File No. B–5498, Wakefield, J. (July 19, 1977) it was held that although there is no specific provision in the Delaware Code conferring upon this Court the authority to emancipate a minor, the Court did have the authority, upon a proper showing that certain disputes were irreconcilable and that the minor was capable of independent living, to relieve a parent of the obligation for direct supervision of a child and the parent's obligation of support so long as the child continued to be capable of independent living. Thus, the precise issue in the instant case is not whether Karen became emancipated upon her graduation and employment, but whether Father had shown just cause for suspending his support payments. An analysis of the law regarding the emancipation of minors is appropriate, however, in making this determination.

Emancipation can be defined as an "act by which one who was unfree, or under the power and control of another, is rendered free, or set at liberty and made his own master." *Schumm v. Schumm*, N.J.Super.Ch.Div., 122 N.J.Super. 146, 299 A.2d 423, 425 (1973). When the term is used with reference to the emancipation of minors it involves the "entire surrender of the right to care, custody and earnings of such child as well as a renunciation of parental duties." *Id.* There is no fixed age at which a child becomes emancipated, *Straver v. Straver*, N.J.Ch., 26 N.J.Misc. 218, 59 A.2d 39 (1948), but there is a presumption of emancipation upon the child's reaching the age of majority. *Schumm*, 299 A.2d at 426. Prior to that age, there is a presumption against it, and the burden of establishing that status by competent evidence rests with the one asserting it. *Limpert v. Limpert*, N.J.Super. A.D., 119 N.J. Super. 438, 292 A.2d 38 (1972). Moreover, emancipation need not be express; it may

be implied from the conduct of the parties and surrounding circumstances, especially from the conduct of the parties inconsistent with the continuation of parental and filial legal rights and obligations. 59 Am.Jur.2d *Parent and Child* § 95 (1971). A minor may be emancipated for some purposes, but not for others, and the parent may be freed from some of his obligations, yet not divested of others. 59 Am.Jur.2d *Parent and Child* § 93 (1971).

■ In the instant case, Father asserts that his oldest child became emancipated upon her high school graduation and full-time employment. Other evidence showed that this child still resides with her Mother and works in excess of 40 hours per week in order to save money for college courses and for eventually securing an apartment for her own. Father earns more than $46,-000 per year while Mother earns approximately $10,000 per year. The daughter earns $9,000.00 per year.

In *Bates v. Bates*, 62 Misc.2d 498, 310 N.Y.S.2d 26 (1970), the issue of emancipation was raised in defense to a non-support action. The Court followed the established rule that emancipation must stem from some act by the parent. "Parent" was interpreted to mean the parent who had custody and control of the child. Since the father in this case did not have custody and control of the child, he could not emancipate him and, therefore, remained liable for child support. In *Chilton v. Cobb*, Del. Fam., File No. E–1933, Horgan, J. (Jan. 26, 1983), the Family Court applied *Bates* and held that the parties' minor child was not emancipated for support purposes even though the child was employed because he still lived at home with his mother, and significantly, she maintained that he was not emancipated. In *Shuff v. Fulte*, Ill. App., 344 Ill.App. 157, 100 N.E.2d 502 (1951), the Court held that a divorced father's two minor children were not emancipated by their actions of seeking and securing employment from time to time. The Court acknowledged the general rule that when a child who is physically and mentally able to take care of himself voluntarily leaves the parental home and its influence, the parent is no longer obligated to support him, and did not emancipate the

children where neither child voluntarily abandoned the parental home and the children's sole motivation in seeking employment was to help their mother financially. Finally, in *Blue v. Blue*, Neb.Supr., 152 Neb. 82, 40 N.W.2d 268 (1949), the Court held that a minor daughter's graduation from high school combined with her full-time employment and consequent economic self-sufficiency constituted such a change in circumstances as to justify relieving her divorced father of his child support obligation. The Court felt that the father should not be required to support his "completely independent and self-supporting" child on his limited income. In this case, the father earned $168.00 per month. Daughter moved into her own apartment, and mother followed. Mother earned $140.00 per month and daughter earned $120.00 per month. While it is not absolutely clear from the text of the opinion, it appears as if the Court was persuaded to its disposition by the daughter's social independence from her parents as well as her financial independence.

There is precedent holding that a minor's financial independence alone will support a finding of emancipation, but the better and more equitable rule requires more. In the instant case, if indeed this Court had jurisdiction to declare Karen to be an emancipated minor, it would not so rule based on the evidence produced. It therefore follows that Father has failed to show just cause for unilaterally reducing Karen's support payment, thus he is obligated to pay support in accordance with the formula until Karen reached majority. The child's earnings, however, may be considered in determining her basic support needs, but Father is obligated to make the SOLA contribution. This is consistent with *I.B. v. R.S.W.B.*, Del.Fam., Case No. A–3000, Melson, J. (Nov. 10, 1977) wherein the Court stated:

Finally, if after deducting from the support obligor's net income the cost of his own minimum needs and his share of the cost of his dependents' minimum needs, there is a balance remaining, the Court determines the most equitable manner of apportioning that balance among the support obligor and his de-

pendents. Children, in particular, are entitled to a standard of living which is, insofar as reasonably possible, commensurate with that of the more affluent parent. When parents bring children into the world they accept the duty to provide them with the best care of which they are capable and that duty is neither predicated upon a successful marriage nor upon the children's remaining in the custody of both or, for that matter, either parent.

Slip op. at 2–3.

For the reasons hereinabove stated, Father is obligated to continue making support payments until the time Karen has reached majority. Mother's counsel shall prepare an Order, "Consented as to Form" by Father's counsel, reflecting arrearages.

IT IS SO ORDERED.