817 A.2d 327 (2003)
358 N.J. Super. 90
Nicholas PATETTA, Plaintiff-Appellant,
v.
JoAnn PATETTA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 2002.
Decided March 3, 2003.
*328 Ronald A. Cohen, Roselle Park, attorney for appellant.
Jane A. Herchenroder, Somerville, attorney for respondent.
Before Judges COBURN, COLLESTER and ALLEY.
The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiff Nicholas Patetta appeals from an order denying emancipation of his son, Nicholas Patetta, Jr., and termination of his support obligation for that child of the marriage. We affirm.
Plaintiff married defendant JoAnn Patetta in October 1981. Three children were born of the marriage: Nicholas, Jr., born on April 10, 1982; Chrystal, born on June 22, 1985; and Colleen, born on July 13, 1988. A final judgment for divorce was entered on August 3, 1993, which incorporated a property settlement agreement which required plaintiff to pay child support of $50 per week per child. The agreement further provided:
A child of the marriage shall be deemed emancipated upon the latter of the child attaining the age of eighteen (18) years; marriage; death; or the child engaging in full time employment. At the time one child is emancipated the amount of child support to be paid shall be reduced proportionally to the number of children emancipated.

*329 The parties herein shall undertake their best efforts to pay for college expenses for the minor children including tuition, room and board and books based upon and in accordance with their financial means at said time, after applications for financial aid, student loans and scholarships have been exhausted.
An addendum executed on the same date stated:
Child support payments shall be reduced by $50 per week per child at the time when each such child shall become emancipated.
In April 1998, plaintiff filed a motion regarding visitation. As part of her cross-motion defendant sought an order changing the age of emancipation for the children from eighteen years to the date of conclusion of college or post-secondary vocational training. On that issue the order of the motion judge reads as follows:
Defendant's request is denied without prejudice to renewal when each child is within six (6) months of the eighteenth birthday. In her present application, [d]efendant has not demonstrated a basis for amending the property settlement agreement under R. 4:50-1(a)-(f). Defendant states that the oldest child, age 16, is a high school sophomore but does not address his plans for college. The property settlement agreement impliedly addresses [d]efendant's concerns, as paragraph 4 states that the parties shall undertake to pay enumerated college expenses for the minor children according to the parties' income. The Court notes that under the current Child Support Guidelines, children who are over 18 and out of high school are not entitled to child support according to the Guidelines in any event (Appendix IX-A, paragraph 18, pages 1934-5) and that the continuing financial support of children attending college or other post-secondary education is based on other criteria.
After Nicholas, Jr., the oldest child, turned eighteen, plaintiff moved for an order for his emancipation and a corresponding $50 per week reduction in his total child support obligation. Defendant responded that Nicholas, Jr. was living at home with her and was about to begin his second year at a local community college. She certified that she paid his roof expenses, as well as his food, clothing, transportation and spending money. Since college costs not covered by loans, scholarships or grants were minimal, defendant made no demand upon plaintiff for any portion of college expenses, but sought continuation of the child support payments. Following oral argument Judge Happas declined to declare Nicholas, Jr. emancipated and continued plaintiff's child support obligation. Defendant appeals from this post-judgment order, relying upon the terms of the of the property settlement agreement.
No specific age equates to emancipation of a child. Limpert v. Limpert, 119 N.J.Super. 438, 440, 292 A.2d 38 (App. Div.1972); Bishop v. Bishop, 287 N.J.Super. 593, 597, 671 A.2d 644 (Ch.Div.1995); Schumm v. Schumm, 122 N.J.Super. 146, 150, 299 A.2d 423 (Ch.Div.1973); Straver v. Straver, 26 N.J. Misc. 218, 222, 59 A.2d 39 (Ch.Div.1948). Attainment of age eighteen establishes only prima facie and not conclusive proof. Newburgh v. Arrigo, 88 N.J. 529, 543, 443 A.2d 1031 (1982). The demonstrable needs of the child, not the child's age, are determinative of the duty of support. Therefore, while parents are not generally required to support a child over eighteen, his or her enrollment in a full-time educational program has been held to require continued support. Newburgh, supra, 88 N.J. at 543, 443 A.2d 1031; Khalaf v. Khalaf, 58 N.J. 63, 71-72, *330 275 A.2d 132 (1971); Limpert, supra, 119 N.J.Super. at 442-43, 292 A.2d 38; Schumm, supra, 122 N.J.Super. at 149-50, 299 A.2d 423. See also, Ross v. Ross, 167 N.J.Super. 441, 444-46, 400 A.2d 1233 (Ch. Div.1979) (law school).
Plaintiff argues that the agreement between the parties contained in the property settlement agreement established the age of emancipation at eighteen and thereby terminates his obligation to pay support beyond his "best efforts" to pay college expenses. However, the right of support belongs to the child, not the custodial parent. Pascale v. Pascale, 140 N.J. 583, 591, 660 A.2d 485 (1995); Blum v. Ader, 279 N.J.Super. 1, 4, 652 A.2d 176 (App.Div.1994). As we said in Zazzo v. Zazzo, 245 N.J.Super. 124, 130, 584 A.2d 281 (App.Div.1990), certif. denied, 126 N.J. 321, 598 A.2d 881 (1991), "there is no divorce between parent and child." Cf., In the Matter of Baby M, 109 N.J. 396, 429, 537 A.2d 1227 (1988); R.H. v. M.K., 254 N.J.Super. 480, 488, 603 A.2d 995 (Ch.Div. 1991)(a parent may not terminate parental obligation by contract). The public policy of this State as derived from its parens patriae interest in the welfare of children prohibits parents from bargaining away the essential rights of their sons and daughters, including the right to be properly supported. Kopack v. Polzer, 5 N.J.Super. 114, 117, 68 A.2d 484 (App.Div. 1949) aff'd, 4 N.J. 327, 72 A.2d 869 (1950); Martinetti v. Hickman, 261 N.J.Super. 508, 512, 619 A.2d 599 (App.Div.1993); Blum, supra, 279 N.J.Super. at 4, 652 A.2d 176; ESB, Inc. v. Fischer, 185 N.J.Super. 373, 378-79, 448 A.2d 1030 (Ch.Div.1982).
In Martinetti, a Florida divorce decree granted "complete custody" to plaintiff mother and waived both child support and visitation. After plaintiff and her daughter moved to New Jersey, she filed an action for child support, and defendant counterclaimed for visitation. The litigation was resolved with a consent order providing that defendant would pay monthly child support until his child, then sixteen, turned eighteen. Two years later he moved for an order terminating child support on grounds that his daughter was eighteen and declaring her emancipated. As in the instant case, the daughter was a full-time college student whose college costs were reduced by grants and scholarships. Her mother contested the defendant's application and sought continuation of child support rather than college contribution. We held the right of the child to support was not foreclosed by her mother's actions in consenting to the order terminating child support at eighteen and that the issue must be determined on evaluation of the needs and interests of the daughter. Id. at 512, 619 A.2d 599.
In the instant case plaintiff distinguishes Martinetti on the basis that this case involves a property settlement agreement as opposed to a consent order. That is a distinction without a difference. While courts are predisposed to uphold property settlement agreements, see, e.g., Massar v. Massar, 279 N.J.Super. 89, 93, 652 A.2d 219 (App.Div.1995), this enforceability is subject to judicial supervisory control. Petersen v. Petersen, 85 N.J. 638, 644, 428 A.2d 1301 (1981); Lepis v. Lepis, 83 N.J. 139, 148-49, 416 A.2d 45 (1980); Edgerton v. Edgerton, 203 N.J.Super. 160, 171, 496 A.2d 366 (App.Div.1985). Where the rights of children are concerned, such agreements are subject to careful judicial scrutiny. See generally, Annotation, "Power of Court to Modify Decree for Support of Child Which Was Based on Agreement of Parties," 61 A.L.R.3d 657 (1975). Applying the rationale of Martinetti, we hold the parental duty to support a child may not be waived or terminated by a property settlement agreement.
*331 The undisputed facts presented to the motion judge were that Nicholas, Jr. was living at home and dependent on his parents for his basic needs and proper support while attending college on a full-time basis. Therefore, we concur in the determination of Judge Happas that Nicholas, Jr. was not emancipated and was entitled to receipt of continued support from his father.
Affirmed.