**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3410-22

K.F.,[1]

    Plaintiff-Respondent,

v.

W.F.,

    Defendant-Appellant.

_____

        Submitted July 16, 2024 – Decided July 23, 2024

        Before Judges Susswein and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0683-17.

        W.F., appellant pro se.

        K.F., respondent pro se.

PER CURIAM

---

[1] We use initials to protect the privacy of the litigants and preserve the confidentiality of certain records because we discuss the parties' financial circumstances. See R. 1:38-3(d)(1).

In this post-judgment matrimonial matter, defendant W.F. appeals from a May 26, 2023 Family Part order modifying his child support obligation and requiring reimbursement of out-of-pocket medical expenses and child tax credits to plaintiff K.F., the child's mother. Following our review of the record and applicable legal standards, we affirm in part, reverse in part, and remand for further proceedings.

I.

The parties were married in October 1996 and share one child, G.F., born in December 2003. On May 30, 2018, the parties divorced, entering an amended final judgment of divorce that incorporated their marital settlement agreement (MSA).

Under the terms of the MSA, the parties agreed: "[d]efendant shall pay child support in the amount of $285 per week" with "[z]ero overnights credited"; "[p]laintiff shall be responsible for the first $250 per year in unreimbursed and uninsured medical expenses for [G.F.]" with "remaining expenses . . . shared pursuant to the income percentages on the [c]hild [s]upport [g]uideline[s] [w]orksheet"; defendant was entitled to claim the child tax exemption for even years if "current in his child support obligation"; and "[b]oth parties shall contribute to the college expenses" for G.F. "in accordance with the laws of the

State of New Jersey."  Defendant's child support was calculated from his gross weekly income of $2,500 and plaintiff's gross weekly income of $3,454.  The MSA acknowledged plaintiff's final restraining order (FRO) against defendant and his continued "reunification therapy" with G.F.

After the parties' divorce, defendant's relationship with G.F. remained strained with limited contact and no overnight parenting time.  In June 2022, G.F. graduated high school and thereafter enrolled in a private university.

In January 2023, the Burlington County Probation Division notified defendant that his child support obligation of $294 per week would be adjusted to $328 per week to "provide for the biennial cost-of-living adjustment (COLA)" under "New Jersey Court Rule 5:6B."  The increased child support was effective January 10.

Defendant subsequently moved for:  G.F.'s emancipation; child support termination; reimbursement of child support overpayments; proof of G.F.'s college enrollment and transcripts; and other relief.  Plaintiff cross-moved for: a denial of defendant's motion in its entirety; defendant's prohibition from filing future motions; a determination G.F. was unemancipated until college graduation; child support "totaling $567 per week," which included $125 per week in child support plus defendant's payment of 42% of "all living expenses";

reimbursement of "$3,449 in out-of-pocket medical expenses"; "$15,427 in extraordinary expenses"; contribution of "$12,474 towards . . . college expenses pursuant to the parties['] [MSA]"; defendant's contribution to G.F.'s expenses of "$945 per month" upon "proof of [G.F.'s] apartment lease"; tax credit reimbursement of "$1,800 for the 2018, 2020[,] and 2022 tax years"; and other relief. In support of his motion, defendant submitted an incomplete case information statement (CIS) certifying a gross weekly income of $2,330.18. Defendant did not provide his tax returns, W-2 statements, or three recent pay stubs. Plaintiff submitted a CIS with recent pay stubs and a 2022 W-2 statement. She also provided a proposed college "budget for [G.F.] with the [CIS]."

On May 26, 2023, following argument, the motion judge provided an initial oral decision. On June 6, he issued an order accompanied by a written statement of reasons, consistent with his initial ruling. The judge acknowledged plaintiff's FRO against defendant and that there was "substantial motion practice, primarily initiated by [d]efendant." Based on defendant's partial CIS, without the required attachments of tax returns and pay stubs, the judge determined defendant's and plaintiff's gross weekly incomes were approximately $2,330 and $4,500, respectively. Defendant's accepted gross weekly income

was less than his 2018 gross weekly income of $2,500 memorialized in the MSA to calculate child support.

Regarding defendant's motion, the judge: denied G.F.'s emancipation "by agreement of the parties"; denied termination of child support decreasing child support to $300 a week from the COLA increased $328 child support amount; granted proof of G.F.'s college enrollment each semester; granted defendant's request to have no college contribution obligation; and addressed various other relief. The judge granted in part plaintiff's cross-motion, requiring defendant to pay $3,449 for unreimbursed out-of-pocket medical expenses and $1,800 in tax credits, denying the other requested relief.

On appeal, defendant seeks reversal of the judge's decision regarding: emancipation and child support; reimbursement for G.F.'s uncovered medical expenses without "receipts and [o]ffice [v]isit [n]otes"; and the requirement to pay $1,800 for "child tax credits for 2018, 2020, and 2022." Plaintiff has not cross-appealed.

## II.

We generally "accord deference to Family Part judges due to their 'special jurisdiction and expertise in family [law] matters.'" Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019) (alteration in original) (quoting Cesare v.

Cesare, 154 N.J. 394, 413 (1998)).  Our scope of review of Family Part orders is limited.  Cesare, 154 N.J. at 411.  A judge's findings "are binding on appeal so long as their determinations are 'supported by adequate, substantial, credible evidence.'"  Gormley, 462 N.J. Super. at 442 (quoting Cesare, 154 N.J. at 411-12).

"The parental obligation to support children until they are emancipated is fundamental to a sound society."  Ricci v. Ricci, 448 N.J. Super. 546, 569 (App. Div. 2017) (quoting Kiken v. Kiken, 149 N.J. 441, 446 (1997)).  "[I]t is also firmly established that child support is for the benefit of the children; therefore, the right to receive support belongs to the children, not the custodial parent."  Llewelyn v. Shewchuk, 440 N.J. Super. 207, 215 (App. Div. 2015) (alteration in original) (quoting Colca v. Anson, 413 N.J. Super. 405, 414 (App. Div. 2010)).

Further, the "determination of emancipation is a legal issue, imposed when the fundamental dependent relationship between parent and child ends."  Ricci, 448 N.J. Super. at 571.  A child's reaching the age of majority of eighteen is prima facie proof of emancipation, but it is not determinative.  Llewelyn, 440 N.J. Super. at 216.  Once the age of majority is established, "the burden of proof to rebut the statutory presumption of emancipation shifts to the party or child

6

seeking to continue the support obligation." Ibid. "The presumption . . . may be overcome by evidence that a dependent relationship with the parents continues because of the needs of the child." Ibid.

"[W]hile parents are not generally required to support a child over eighteen, [the child's] enrollment in a full-time educational program has been held to require continued support." Patetta v. Patetta, 358 N.J. Super. 90, 94 (App. Div. 2003); see also Newburgh v. Arrigo, 88 N.J. 529, 543 (1982); Khalaf v. Khalaf, 58 N.J. 63, 71-72 (1971). "The need and capacity of a child for higher education are two of the many factors that a court must consider in determining the amount of child support to order." Gac v. Gac, 186 N.J. 535, 542 (2006) (citing N.J.S.A. 2A:34-23(a)(5)).

According to the Rules of Court, the child support guidelines "shall not be used to determine parental contributions for college or other post-secondary education . . . expenses nor the amount of support for a child attending college." Child Support Guidelines, Pressler & Verniero, N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 18 (2024). The guidelines are not utilized for a child away at college because "part of the child's college expenses" are accounted for in the child support guidelines award. Ibid. A "court[] faced with the question of setting child support for [a] college student[] living away from home must assess

all applicable facts and circumstances, weighing the factors set forth in N.J.S.A. 2A:34-23a." Jacoby v. Jacoby, 427 N.J. Super. 109, 113 (App. Div. 2012). Issues of emancipation often require a plenary hearing, especially "'when the submissions show there is a genuine and substantial factual dispute,' which the trial court must resolve." Ricci, 448 N.J. Super. at 574 (quoting Shewchuk, 440 N.J. Super. at 217).

III.

We first consider defendant's contention that the judge erroneously increased child support having failed to determine G.F. was emancipated. This argument is unavailing because at oral argument defendant's counsel agreed that G.F. was enrolled "in school" at a private university. Further, counsel acknowledged receiving confirmation of G.F.'s full-time enrollment and that she was "not presently emancipated for purposes of child support." Thus, the judge correctly accepted "by consent" that G.F. was unemancipated in considering the parties' requested motion relief.

We next turn to defendant's argument that his child support obligation was increased in error. In accordance with the child support guidelines and the parties' 2018 MSA, defendant originally agreed to pay $285 per week in child support. At the time defendant filed his January 2023 motion, his child support

obligation had increased to $328 per week with COLA increases. See R. 5:6B(a). Defendant's argument that the judge increased his child support obligation is unsupported by the record because the judge ordered $300 per week in child support—a $28 reduction from the COLA increase.

In considering G.F.'s child support needs under N.J.S.A. 2A:34-23(a)(1), the judge ordered a decrease in defendant's child support obligation, finding plaintiff's CIS included "a list of [G.F.]'s expenses, which total[ed] approximately $2,967 monthly," and that "[c]ertain expenses" were inappropriate for consideration. After discounting various expenses, the judge concluded "[G.F.]'s necessary expenses . . . total[ed] approximately $3,000," without clarifying the numerical discrepancies. We note that during oral argument before the judge, defendant's counsel addressed G.F.'s college costs and needs, arguing "I do not believe as of today in the record we have what the matrimonial [CIS] requires." Counsel correctly referenced that provision twelve of Part G of the CIS requires "all relevant information pertaining to [college expenses] . . . including but not limited to documentation of all costs and information pertaining to . . . tuition, board and books, proof of enrollment, proof of financial aid, scholarships, grants and student loans obtained." Our

review of the record yields insufficient financial information regarding G.F.'s college expenses.

Further, pursuant to N.J.S.A. 2A:34-23(a)(2), (3), (4), and (9), the judge considered plaintiff's and defendant's respective gross weekly incomes of approximately $4,500 and $2,330. However, the judge elucidated no reasons for accepting defendant's reduced gross weekly income from the income established at the time of divorce. Defendant's CIS gross income was accepted contrary to Rule 5:5-4(a)(2) and (4), which required defendant to submit a completed CIS with his most recent tax returns, W-2 statements, and three pay stubs. While defendant included with his appeal appendix the CIS submitted before the judge, he failed to provide plaintiff's CIS and only included her W-2 statements and recent pay stubs. Although "we are not 'obliged to attempt review of an issue when the relevant portions of the record are not included,'" State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (quoting Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005)), we have considered defendant's contentions nonetheless on the merits to the extent feasible.

Ultimately, the judge found $300 per week was appropriate "in view of the parties' respective incomes and earning capacities, as well as G[.F.'s]

10

reasonable expenses as set forth in [p]laintiff's application," but provided no specific financial analysis and findings. Without sufficient findings to support the decreased child support ordered, we are constrained to reverse and remand for further proceedings consistent with this opinion. See Curtis v. Finneran, 83 N.J. 563, 570 (1980) ("[T]he trial court must state clearly its factual findings and correlate them with the relevant legal conclusions."); see also R. 1:7-4(a).

Accordingly, we reverse the judge's child support order and remand to calculate child support under the N.J.S.A. 2A:34-23(a) factors. The parties shall submit their required financial information, and plaintiff shall provide updated college information regarding G.F.'s financial needs. Specifically, the court shall "determine the child[]'s individual needs and assess the income, assets, debts, earning ability, age, and health of [the] child and each parent to reach an appropriate level of support." Jacoby, 427 N.J. Super. at 122. If there are material issues of fact in dispute, the judge hearing the matter shall conduct a plenary hearing. See id. at 123; Spangenberg v. Kolakowski, 442 N.J. Super. 529, 540 (App. Div. 2015) (noting a plenary hearing is required when "material factual disputes presented by the parties' pleadings bear directly on the legal conclusions required to be made").

11

We note plaintiff in opposition requests a review of the judge's order denying defendant's college contribution and other extraordinary child-related expenses, but she did not cross-appeal. She specifically argues the judge failed to consider defendant's actions resulted in an FRO and G.F.'s limited visitation with no overnights, as supported by her counselors' letters. Under Rule 2:3-4(a), "[a] respondent may cross[-]appeal as of right" to the Appellate Division. However, we will not consider a respondent's allegations of error asserted in a brief but not raised by a cross-appeal. See Reich v. Borough of Fort Lee Zoning Bd. of Adjustment, 414 N.J. Super. 483, 499 n.9 (App. Div. 2010) (declining to address respondent's assertion of error because it was not properly raised by cross-appeal). We only add that nothing in this opinion precludes plaintiff from presenting a fully supported application for relief concerning contribution for G.F.'s college expenses.

We next address defendant's argument that the judge erred in ordering reimbursement for G.F.'s uninsured medical expenses. Specifically, defendant contends plaintiff did not provide medical expense records, including office visit notes, proving "[G.F.] was the patient and this was a medical visit and not a cosmetic treatment." We are unpersuaded. Preliminarily, we note defendant's failure to provide G.F.'s medical documentation, which was considered by the

12

judge, impeded our review. The record illustrates the judge considered plaintiff's exhibit, "a chart of the medical expenses and the [treatment] date[s]" including the explanations of benefits. Defendant's counsel acknowledged receipt of the submissions, arguing the invoices were not provided to defendant contemporaneously with the medical treatment.

Rule 2:5-4(a) states in relevant part: "The record on appeal shall consist of all papers on file in the court . . . , with all entries as to matters made on the records of such courts." See also R. 2:6-1(a)(1)(I) (requiring the appendix to contain parts of the record "essential to the proper consideration of the issues"). We further note the motion transcript references other documents which defendant did not provide in his appendix on appeal. See D.F.W., 468 N.J. Super. at 447. On the record provided, we discern no reason to disturb the judge's order requiring defendant to reimburse plaintiff $3,449 for medical expenses.

We also reject defendant's contention that the judge erred in requiring his payment of $1,800 for three years of tax credits taken for G.F. The judge correctly determined the MSA required defendant to remain "current in his child support." The judge found sufficient proofs that defendant was in arrears and enforced "the agreement of the parties." The record reflects the judge

13

considered arrears documentation, which was also not included in defendant's appendix on appeal. Thus, because defendant failed to demonstrate evidence in the record established that no arrearages existed, we again discern no reason to disturb the judge's decision.

Finally, because the judge expressed opinions, weighed evidence, "and may have a commitment to his findings," the preferable course is to assign this matter to a different judge on remand. Carmichael v. Bryan, 310 N.J. Super. 34, 49 (App. Div. 1998); Freedman v. Freedman, 474 N.J. Super. 291, 308 (App. Div. 2023); see also R. 1:12-1(d). We express no views regarding the outcome on remand. Because of the potential import on G.F., the remand shall be expeditiously completed within sixty days and child support shall continue to be collected by probation under the existing order while pending full review on remand.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3410-22