# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1562-24

D.W.A.,[1]

    Plaintiff-Respondent,

v.

A.L.H.,

    Defendant-Appellant.

_____

Submitted January 8, 2026 – Decided March 30, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0426-04.

A.L.H., self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect plaintiff's confidentiality. R. 1:38-3(d)(10).

Defendant A.L.H. appeals from the December 19, 2024 order denying his motion for a downward modification of child support obligation arrears. We affirm.

The parties are well-acquainted with the facts and procedural posture of this case, which need not be repeated in detail. Nonetheless, we provide a brief recitation of facts relevant to this appeal.

The parties were in a relationship and resided together for several years, ending in 2003. During the course of their relationship, they had two children, both now adults and emancipated. In 2004, a final restraining order (FRO) was entered against defendant, and his child support obligation was established.

In December 2007, the court ordered defendant to pay child support in the amount of $310 per week. A year later, the court held a hearing on plaintiff's application for a bench warrant for defendant's arrest and a lump-sum payment toward his arrears of $32,881.39. After hearing defendant's testimony and argument from plaintiff's counsel, the court ordered defendant to pay $5,000 toward his arrears and continued the weekly child support payments of $310, with an additional $100 per week applied to arrears.

On May 31, 2019, defendant's child support obligation to his daughter was terminated, leaving arrears in the amount of $141,915.14. Child support for the

remaining child was $185 per week. Over a year later, on July 16, 2020, defendant's child support obligation for his son was terminated leaving a weekly arrears obligation of $476. Thereafter, the September 1, 2022 order required defendant to pay: $1,000 by September 15, 2022, and an additional $1,000 by October 13, 2022. The order further obligated defendant to pay $476 per week and remain current on his payments thereafter, as well as to provide the probation department with proof of ten job searches per week. It explicitly provided a bench warrant would issue in the event defendant failed to comply with its terms. Notably, defendant did not timely appeal from the September order.

In March 2023, probation moved to enforce litigant's rights as defendant failed to comply with the September 2022 order. In its April 3, 2023 order, the court directed defendant to make a $2,500 payment within two weeks, and an additional $2,500 payment within the following two weeks. At that time, defendant's arrears totaled more than $164,000.

Defendant appealed from both orders, which enforced his continued obligation to pay child support arrears to plaintiff. We declined to consider the September 2022 order and affirmed the April 2023 order. D.W.A. v. A.L.H., No. A-2794-22 (App. Div. Mar. 20, 2024).

A-1562-24

Following our decision, defendant filed another application for a downward modification of child support arrears. The court held a hearing on June 4, 2024, but ultimately denied the application.

In November 2024, defendant filed a fourth application for downward modification of his $476 per week arrearage obligation. He requested an audit and validation of arrears alleged by the probation division, as well as payment arrangements that could reasonably be met.

After holding a hearing on December 17, 2024, the court denied defendant's motion, finding "willful noncompliance." It determined defendant did not make any regular payments towards the arrearage. Additionally, defendant did not submit any financial documentation in compliance with the court's June 4, 2024 order. The court directed defendant to pay a $2,500 lump sum within thirty days and his failure to comply would result in the issuance of a bench warrant. On December 19, 2024, the court amended the FRO memorializing its decision. This appeal ensued.

Defendant raises the following arguments for our consideration: plaintiff filed for child support when they were residing together and defendant was not credited for the financial support provided during that period, nor the monetary value of items plaintiff allegedly stole; plaintiff withheld the children based on

the FRO while defendant was required to pay child support; the arrears were inflated by the December 2008 order, which imposed an additional $100 per week payment toward those arrears; defendant claims five additional years of child support were paid while his son was in college without supporting documentation showing enrollment for that period; and the records maintained by the probation department did not accurately reflect the amount of child support paid by him. Additionally, for the first time on appeal, defendant argues he was "pushed" by probation to reimburse Social Services $2,400 for payments made to plaintiff on behalf of their children. We reject defendant's contentions.

Our review of a Family Part order regarding child support is limited. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).

"When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). "The trial court's 'award

will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Id. at 326 (quoting Jacoby, 427 N.J. Super. at 116) (internal quotation marks omitted). Accordingly, "[w]e will reverse only if we find the trial judge clearly abused [their] discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

A child support order is reviewable upon a showing of changed circumstances. Lepis v. Lepis, 83 N.J. 139, 157 (1980). Modifications of child support obligations "turn on the discretionary determinations of Family Part judges." Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). As to arrearages, it is well-established that "the enforcement, collection, [and] modification . . . of unpaid arrearages in . . . child support payments are matters addressed to the sound discretion of the court." In re Rogiers, 396 N.J. Super. 317, 327 (App. Div. 2007) (quoting Mastropole v. Mastropole, 181 N.J. Super. 130, 141 (App. Div. 1981)).

Governed by these principles, we discern no basis to disturb the December 19, 2024 order. Defendant renews the arguments previously presented in the

A-1562-24

prior applications for downward modification, which have already been considered and rejected by us on appeal, again without supporting financial documentation. In our prior decision, we reasoned: "Although defendant's appearances at the September 2022 and April 2023 hearings were not pursuant to an arrest warrant, neither the legal nor the equitable arguments defendant raises on appeal favor relieving him from the obligation to comply with the April 3, 2023 order." D.W.A., slip op. at 12. Nothing has changed; plaintiff remains entitled to the arrears. Defendant has not met his burden in demonstrating changed circumstances warranting a down modification of arrearages. See Larbig, 384 N.J. Super. at 21. Nor has he shown an abuse of discretion. See In re Rogiers, 396 N.J. Super. at 327.

We likewise reject defendant's argument paying child support for his son was improper on the grounds his son should have been emancipated at age eighteen, and the child support obligation should have terminated at that time rather than in 2020. This argument is unavailing. Children are not automatically emancipated at eighteen years old. Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 5:6-9 (2026) (citing Schumm v. Schumm, 122 N.J. Super. 146 (Ch. Div. 1973)). A child attending college, or working rather than attending college, is not sufficient by itself to establish emancipation. Filippone

v. Lee, 304 N.J. Super. 301, 309-10 (App. Div. 1997); see also Llewelyn v. Shewchuk, 440 N.J. Super. 207, 218 (App. Div. 2015). Defendant offers no competent evidence his son was not enrolled in college or had a level of independence sufficient to constitute emancipation. See Dolce v. Dolce, 383 N.J. Super. 11, 17-18 (App. Div. 2006). As we explained in our prior opinion: "It is inconsequential that the children are now emancipated." D.W.A., slip op. at 9. Defendant offers nothing more than bald conclusory assertions, which we do not consider. Freeman v. State, 347 N.J. Super. 11, 32 (App. Div. 2002).

We decline to address defendant's contention regarding the repayment to the Board of Social Services, raised for the first time on appeal, for two reasons. First, arguments not raised before the trial court will generally not be considered on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Second, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions . . . raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

8

To the extent we have not specifically addressed any of defendant's remaining arguments, it is because we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1562-24