154 A.3d 735

DAREN SMILEY, PLAINTIFF, v. TONYA M. THOMAS, ENTER-PRISE LEASING COMPANY OF PHILADELPHIA, LLC D/B/A ENTERPRISE RENT-A-CAR, JOHN DOE; MARY DOE; ABC CORPORATIONS; XYZ PARTNERSHIPS; MULTIPLE, FICTI-TIOUS PERSONS AND ENTITIES; J/S/A, DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

Decided: October 11, 2016

626

*Alan M. Lands*, for plaintiff.

*Brooke A. Bonett*, for defendant.

SAVIO, J.S.C.

This opinion deals with the interpretation of the child support lien statute, *N.J.S.A.* 2A:17–56.23b. The lien, created by operation of *N.J.S.A.* 2A:56.23b, has "[p]riority over all other levies ... against the net proceeds of any settlement negotiated ... subsequent to filing of a lawsuit ... unless otherwise provided by the Superior Court ...."

The statute requires a child support judgment search to determine if a plaintiff is obliged to pay a child support obligation before the "net proceeds" of a settlement of a civil suit can be distributed to plaintiff. *N.J.S.A.* 2A:56–23b. If plaintiff has an outstanding child support obligation, the statute mandates the payment of that obligation out of the net proceeds of the settlement of the civil litigation. *N.J.S.A.* 2A:17–56.23b(b)(2). The net proceeds of the settlement are defined in *N.J.S.A.* 2A:17–56.23b(a) as "[a]ny amount of money, in excess of $2,000, payable to the prevailing party ... [in civil litigation] ... after attorney's fees, witnesses fees, court costs, ... and other costs related to the lawsuit ... are deducted from the ... award ...."

The matter before the court is a relatively routine personal injury automobile accident action filed as a result of a motor vehicle accident that occurred on June 4, 2014, in Atlantic City. Defendant, Tonya M. Thomas, was the operator of a vehicle owned by defendant, Enterprise Leasing Company of Philadelphia, LLC d/b/a Enterprise Rent–A–Car, that was proceeding west on Baltic Avenue through its intersection with Rosemont Place. Plaintiff, Daren Smiley, alleges that defendant operated the vehicle negligently and that her negligence proximately caused the accident and his alleged injuries. Plaintiff seeks damages for the pain, suffering, disability, and impairment he claims to have experienced as a proximate result of defendant's negligence.

Presumably, prior to the filing of the civil suit, in accordance with *Rule* 1:21–7(c), plaintiff and plaintiff's counsel entered into a standard contingent fee agreement. *Rule* 1:21–7(c) provides in pertinent part:

> (c) In any matter where a client's claim for damages is based upon the alleged tortious conduct of another ... an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits:
>
> (1) 33⅓% on the first $750,000 recovered
>
> ....

Plaintiff is the father of three children. On April 5, 2004, a child support order was entered by the Superior Court, Chancery Division, Family Part requiring plaintiff to pay child support in

the amount of $25 a week for the benefit of one of his children. On July 8, 2010, a second child support order was entered by the same court requiring plaintiff to pay child support in the amount of $89 a week for the benefit of the two remaining children. At the time of the filing of the application, plaintiff owed $19,306.04 in unpaid child support. The plaintiff's child support obligation has been docketed with the Clerk of the Superior Court. *N.J.S.A.* 2A:17–56.23b(a).

■ In interpreting *N.J.S.A.* 2A:17–56.23b, the Appellate Division opined that only the amount left of the plaintiff's settlement after litigation costs that exceeds $2000 is subject to the lien created by *N.J.S.A.* 2A:17–56.23(b). *Simpkins v. Saiani,* 356 *N.J.Super.* 26, 28, 811 *A.*2d 474 (App. Div. 2002). Furthermore, if the net proceeds are less than the amount of the child support judgment, then the entire amount of the "net proceeds" sans $2000 shall be paid to the Probation Division as "partial" satisfaction of the judgment. *Id.* at 30, 811 *A.*2d 474.

Plaintiff's counsel brings this application seeking an order to judicially sanction the retroactive modification of the contingent fee agreement with plaintiff. The judicially sanctioned retroactive modification of the fee agreement would allow plaintiff's counsel to reduce his fee and to authorize plaintiff's counsel to distribute the difference between the fee plaintiff's counsel is entitled to receive in accordance with the written fee agreement and the judicially approved reduced fee to plaintiff as an incentive for plaintiff to accept the settlement proposal. In addition, plaintiff's counsel seeks an order of the court labelling the money to be sent to plaintiff as a result of the modification of the fee agreement as something other than, "net proceeds of a settlement."

In support of the application, plaintiff's counsel certifies that in January 2016, a representative of defendant's insurance carrier made an offer to settle the civil litigation in exchange for the payment of $25,000. Therefore, if the settlement proposal is authorized by plaintiff, the plaintiff will receive $2000 of the $25,000 proposed settlement with the difference after deduction of the

attorney's fees and costs being paid to the Probation Division as a credit on his outstanding support obligation. Plaintiff is unwilling to authorize his attorney to accept the proposed settlement if his recovery is limited to $2000.

Plaintiff's counsel certifies that attempts were made to communicate with the custodial parents of plaintiff's children to attempt to negotiate a reduction in the arrearages in plaintiff's child support obligation, but the negotiations have not resulted in an agreement. Plaintiff's counsel argues that the amount of money paid to the Probation Department as a credit on the arrears obligation will not change if the court grants the application to reduce his fee and deliver the amount of the reduction to plaintiff unless the money paid to plaintiff out of the fee is considered "net proceeds" of the settlement. Apparently, plaintiff's counsel is concerned that if he simply reduces the fee and pays the money to plaintiff, absent judicial approval, one or both of the women who are owed the child support arrearages may argue that the money was distributed to plaintiff was subject to the lien created by *N.J.S.A.* 2A:17–56.23b.

Plaintiff's counsel certifies that he discussed the issue with the Atlantic County Probation Department and proposed a solution the "dilemma" of plaintiff's ultimate recovery in the personal injury action being limited to $2000. Counsel asserts that the Probation Division takes no position with respect to plaintiff's application.

Plaintiff's counsel certifies that he fully intends to comply with *N.J.S.A.* 2A:17–56.23b by issuing a check to the New Jersey Family Support Payment Center in the amount of the net proceeds in excess of $2000 after his reduced fee and costs are deducted from the gross settlement. Counsel asserts that once plaintiff and his attorney comply with the child support lien statute, it is plaintiff counsel's intention to issue a legal fee refund directly to the plaintiff. Plaintiff's counsel correctly suggests that the amount of money paid to Probation out of the proceeds of the

net settlement would not change with the reduction of plaintiff's counsel's fee.

The court is charged with the obligation to resolve the issues before the court while weighing two competing concerns: (1) the policy to encourage the parties to settle litigation, and (2) a parent's obligation to financially support his or her children.

"Public policy favors the settlement of disputes. Settlement spares the parties the risk of an adverse outcome and the time and expense—both monetary and emotional—of protracted litigation. Settlement also preserves precious and overstretched judicial resources." *Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C.*, 215 *N.J.* 242, 253–54, 71 *A.*3d 888 (2013). Because "[t]he settlement of litigation ranks high in our public policy," we "strain to give effect to the terms of a settlement wherever possible." *Brundage v. Estate of Carambio*, 195 *N.J.* 575, 601, 951 *A.*2d 947 (2008).

On the other hand, "[O]ne of the fundamental concepts in American society is that parents are expected to support their children until they are emancipated, regardless of whether the children live with one, both, or neither parent." *Burns v. Edwards*, 367 *N.J.Super.* 29, 39, 842 *A.*2d 186 (App. Div. 2004) (citing *Dunbar v. Dunbar*, 190 *U.S.* 340, 351, 23 *S.Ct.* 757, 761, 47 *L.Ed.* 1084 (1903)); *see also Cumberland Cty. Bd. of Soc. Servs. v. W.J.P.*, 333 *N.J.Super.* 362, 365, 755 *A.*2d 1171 (App. Div. 2000) (noting that "[a]t common law, parents had an absolute duty to support their children"). The obligation to provide child support "is engrained into our common law, statutory, and rule-based jurisprudence." *Burns, supra*, 367 *N.J.Super.* at 39, 842 *A.*2d 186. By statute, parents are presumptively required to provide for the financial support of their unemancipated children. *N.J.S.A.* 2A:34–23(a). It is well established that a parent cannot waive a child's right to child support because the right belongs to the child. *Gotlib v. Gotlib*, 399 *N.J.Super.* 295, 304–06, 944 *A.*2d 654 (App. Div. 2008). The right to child support belongs to the child and the right to receive support belongs to the children, not the custodial

parent. *Pascale v. Pascale*, 140 *N.J.* 583, 591, 660 *A.*2d 485 (1995); *Kopak v. Polzer*, 4 *N.J.* 327, 332, 72 *A.*2d 869 (1950); *Patetta v. Patetta*, 358 *N.J.Super.* 90, 94, 817 *A.*2d 327 (App. Div. 2003); *L.V. v. R.S.*, 347 *N.J.Super.* 33, 41, 788 *A.*2d 881 (App. Div. 2001); *Blum v. Ader*, 279 *N.J.Super.* 1, 4, 652 *A.*2d 176 (App. Div. 1994); *Martinetti v. Hickman*, 261 *N.J.Super.* 508, 512, 619 *A.*2d 599 (App. Div. 1993).

 The parties are permitted to fashion an agreement contrary to prevailing law as long as they do not bargain away the child's support. *Ordukaya v. Brown*, 357 *N.J.Super.* 231, 239–41, 814 *A.*2d 1138 (App. Div. 2003). The parties may agree to deviate below the standards for child support in the Guidelines, but not if the children will be prejudiced. *Monmouth Cty. Div. of Soc. Servs. for D.M. v. G.D.M.*, 308 *N.J.Super.* 83, 95, 705 *A.*2d 408 (Ch. Div. 1997) (court vacated a consent order relieving the father of child support in exchange for his termination of parental rights).

 When analyzing the child support lien statute, and the words "net proceeds" as it is used throughout the statute, the court must apply the plain meaning of the words. *GE Solid State v. Dir., Div. of Taxation*, 132 *N.J.* 298, 308, 625 *A.*2d 468 (1993) (citations omitted). When examining the policy behind the child support lien statute, it is quite evident that the statute was enacted to attempt to ensure that plaintiffs in civil suits, among others, who are delinquent in their child support obligations, are required to satisfy the delinquent child support obligation out of the payment on account of any settlement above $2000 after the payment of attorney's fees and costs. *N.J.S.A.* 2A:17–56.23b(a). The operation of the statute is not limited to judgments or settlements of personal injury litigation governed by *Rule* 1:21–7(c), but the lien is imposed on the net proceeds of any settlement or judgment of any civil litigation.

Hypothetically, plaintiff's counsel is not precluded from agreeing with plaintiff to simply reduce the fee and give plaintiff the reduction without judicial approval. However, if plaintiff's counsel reduces the fee and pays the money to plaintiff without judicial

approval, plaintiff's counsel assumes the risk that the Probation Division or one or the other mothers of plaintiff's children may contend that plaintiff's counsel delivered money to plaintiff that was the subject of a statutory lien and therefore, plaintiff's attorney is obligated by statute to pay the net proceeds to the Probation Division or to the mothers of plaintiff's children. Therefore, the imprimatur of the proposal is necessary to protect plaintiff's counsel and plaintiff from the possibility of having to pay Probation and/or the mothers of plaintiff's children the money plaintiff's counsel pays plaintiff out of the fee if the fee is reduced and payment made to plaintiff.

▇▇▇ After reviewing the language of the statute, the policy, and the legislative history and intent, this court finds that the proposal suggested by plaintiff's counsel would result in the judicial sanctioning of an arrangement to evade the legislature's desired effect of *N.J.S.A.* 2A:17–56.23b and plaintiff's legal and moral obligation to financially support his children. Counsel asks the court to permit a reduction in his client's fee and for that refund to not be considered "net proceeds of any settlement." However, this fee reduction or refund would in fact reduce the original attorney fees as initially agreed upon and evidenced in writing in the contingency fee agreement in accordance with *Rule* 1:21–7. As the statute and *Simpkins* Court provide, the amount of net proceeds in excess of $2000 is subject to the lien. *N.J.S.A.* 2A:56–23b(a). Clearly, plaintiff's counsel is attempting to secure more than the statutorily permitted $2000 for his client by reducing the fee plaintiff contractually agreed to pay plaintiff's counsel. There is no question but that the proposal does not have a negative financial impact on the child receiving the child support because whether the plaintiff's counsel is paid the agreed upon fee or less than the agreed upon fee does not result in an increase in the amount of money to be paid to Probation to satisfy the arrears in the child support obligation unless the reduction of the contingent fee results in an increase in the net proceeds of the litigation. The legislature has declared in adopting *N.J.S.A.* 2A:17–56.23b

that money received as compensation for a civil suit must be used to satisfy a judgment debtors obligation for child support even before the injured plaintiff is compensated for his pain and suffering. To accept plaintiff's counsel's proposal and approve the reduction of the counsel fee so that plaintiff who will owe child support even if all of the net proceeds of the settlement other than $2000 is paid to Probation will result in judicial endorsement of an agreement to circumvent the intent of the statute which is to limit recovery received by a plaintiff in personal injury litigation to $2000 when the net proceeds of a settlement is less than plaintiff's outstanding child support obligation. Apparently, in the matter before the court, plaintiff is not willing to authorize plaintiff's counsel to accept the settlement proposal. Plaintiff is willing to risk the possibility of a judgment in favor of defendant, in which event his child support arrearages will remain and his children would receive nothing unless this court allows plaintiff's counsel to reduce the fee plaintiff agreed to pay and agree to pay the reduction to plaintiff. In addition, apparently, plaintiff is willing to risk the loss of $2000, which would not be paid to plaintiff in the event of a judgment in favor of defendant. If plaintiff instructs his counsel to try the case, so be it, but the court will not sanction an arrangement to increase the net recovery to plaintiff above the amount the legislature has declared should be available to plaintiffs when the past due child support obligation exceeds the net proceeds of the litigation.

In summary, this court determines that the judicial policy of encouraging the settlement of litigation is trumped by the legislative intent in adopting *N.J.S.A.* 2A:17–56.23b. The court will not approve of an arrangement to increase the recovery to plaintiff via a reduction in the fee due plaintiff's counsel to facilitate the settlement of the litigation in a situation where the net proceeds of the settlement is less than the plaintiff's arrearages in his child support obligation.

For the reasons set forth above, the motion is denied.