**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4003-23

IN THE MATTER OF THE
ESTATE OF GERALDINE
FRANKLIN, deceased.

_____

Argued September 22, 2025 – Decided October 7, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. P-211575.

Anthony DeFazio, appellant, argued the cause pro se.

Joel A. Davies argued the cause for respondent Court Appointed Administrator of the Estate of Geraldine Franklin (Law Offices of Taff, Davies & Kalwinsky, attorneys; Joel A. Davies, of counsel and on the brief).

PER CURIAM

In this estate matter, plaintiff Anthony DeFazio, a beneficiary entitled to inherit from his late mother's estate, appeals from a July 26, 2024 order requiring that his sister, Kelly Ann Bell, satisfy an outstanding child support lien prior to

distribution of the estate. Because we conclude the court correctly determined the child support lien must first be satisfied from the estate proceeds, we affirm.

By way of brief background, Geraldine Franklin died intestate in 2015, leaving three surviving adult children: Louise Richardson (née Soden) ("Soden"), Anthony DeFazio, and Kelly Ann Bell. The court appointed Joel A. Davies, Esq., of the Law Offices of Taff, Davies and Kalwinsky, to represent the estate as administrator.

After several years of litigation, all three successors agreed to settle the estate matter and memorialized their agreement in writing. The written agreement, styled as a Settlement Agreement and Stipulation for Dismissal, provided in pertinent part:

> Pursuant to [N.J.S.A.] 3B:23-9, Anthony DeFazio and Kelly Ann Bell, agree between themselves that Kelly Ann Bell will honor the promises made to Geraldine Franklin and provide the additional money promised to Anthony DeFazio and will repay the loans made by Anthony DeFazio to Kelly Ann Bell in the past [ten] years by transferring 100% of her share of the Estate to Anthony DeFazio.
>
> This agreement does not affect [Soden] and is made in accordance with [N.J.S.A.] 3B:23-9, wherein Anthony DeFazio agrees not to pursue any legal action against Kelly Ann Bell for ALL loans that have been provided to her and that her debt to Anthony DeFazio shall be deemed paid in full and any remainder amount of money owed which is not covered by Kelly Ann Bell's

2

entire share of the estate shall be forgiven as if they were paid in full.

The Agreement also provided for a $10,000 payment to Samantha Orlen, Bell's daughter. All three siblings signed the Agreement and submitted it along with a "Stipulated Order" to the court for approval.

The court modified the accompanying stipulated order by adding the following language:

> Pursuant to N.J.S.A. 2A:17-56.23b, Kelly Ann Bell must satisfy her outstanding child support obligation before the administrator can honor the agreement outlined in paragraph 7 pursuant to [N.J.S.A.] 3B:23-9. Prior to final distribution, Ms. Bell shall provide [the] personal identifying information [of the lien recipients] to the Administrator, so he can verify and satisfy the lien on her inheritance. . . .

In a separate attached statement of reasons, the court stated:

> [A] successor's ability to make an agreement to alter their shares of an estate pursuant to N.J.S.A. 3B:23-9 is subject to the satisfaction of any outstanding child support lien pursuant to N.J.S.A. 2A: 17-56.23b. . . . a child support obligation cannot be evaded by an agreement between successors of an intestate estate to alter the interests to which they are entitled when a [child support] judgment is in place.

The court acknowledged it "did not find a case on point relative to agreements under N.J.S.A. 3B:23-9," but after examining the relevant statutes and cases, referencing Gotlib v. Gotlib, 399 N.J. Super. 295, 305 (App. Div.

2008) and Patetta v. Patetta, 358 N.J. Super. 90, 95 (App. Div. 2002), the court concluded "it follows that a child support obligation cannot be evaded by agreement between successors."

This appeal followed.[1]

"When reviewing [a] court's exercise of discretion, we do not 'decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court.'" Burns v. Hoboken Rent Leveling & Stabilization Bd., 429 N.J. Super. 435, 443 (App. Div. 2013) (quoting Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div.), certif. denied, 144 N.J. 174 (1996)).

"If a [court] makes a discretionary decision but acts under a misconception of the applicable law or misapplies it, the exercise of legal discretion lacks a foundation and it becomes an arbitrary act, not subject to the usual deference." Sackman Enterprises, Inc. v. Mayor & Council of Belmar, 478 N.J. Super. 68, 76 (App. Div. 2024) (citing Summit Plaza Assocs. v. Kolta, 462 N.J. Super. 401, 409 (App. Div. 2020)). A court abuses its discretion when its decision is made without a rational explanation, inexplicably departed from established policies,

---

[1] Soden did not participate in the appeal and we subsequently issued two orders suppressing Bell's answering briefs.

A-4003-23

or rested on an impermissible basis. State v. Chavies, 247 N.J. 245, 257 (2021) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). In such a case, we "[must] instead adjudicate the controversy in the light of the applicable law in order to avoid a manifest denial of justice." Ibid. (citing State v. Lyons, 417 N.J. Super. 251, 258 (App. Div. 2010)).

Additionally, "[a] judgment or order entered with the consent of the parties is ordinarily not appealable for the purpose of challenging its substantive provisions." Spedick v. Murphy, 266 N.J. Super. 573, 593 (App. Div.), certif. denied, 134 N.J. 567 (1993) (citing Winberry v. Salisbury, 5 N.J. 240, 255, cert. denied, 340 U.S. 877 (1950)). However, "[a] party aggrieved by a judgment may appeal from it." Ellison v. Evergreen Cemetery, 266 N.J. Super. 74, 78 (App. Div. 1993) (citing Howard Sav. Inst. v. Peep, 34 N.J. 494, 499 (1961)).

Before us, plaintiff challenges the court's authority to modify the stipulated order, requiring Bell to satisfy her outstanding child support obligation prior to distribution of the estate. In support of his argument, plaintiff maintains successors can alter the allocation of shares of the estate pursuant to N.J.S.A. 3B:23-9 and because shares of the estate are being altered prior to distribution of any "net proceeds," Bell's child support lien cannot take priority over the successors' contractual rights.

A-4003-23

The Judgment for Child Support Lien Act ("Act") provides:

> <u>The lien shall have priority over all other levies and garnishments against the net proceeds of any settlement negotiated prior or subsequent to [an] inheritance</u> [unless] otherwise provided by the Superior Court, Chancery Division, Family Part. . . .
>
> The lien shall stay the distribution of the net proceeds to the prevailing party or beneficiary until the child support judgment is satisfied. . . .
>
> As used in this act "net proceeds" means any amount of money, in excess of $2,000, payable to the prevailing party or beneficiary after attorney fees, witness fees, court costs[,] and other costs related to the lawsuit, inheritance or settlement are deducted from the award, proceeds or estate[.]
>
> [N.J.S.A. 2A:17-56.23b(a) (emphasis added).]

By its express language, the Act unquestionably grants priority to child support liens over "all other levies" and stays the distribution of net proceeds to the prevailing party or beneficiary until the lien is satisfied. Plaintiff, however, urges us to rely instead on the permissive language in N.J.S.A. 3B:23-9, which permits successors to alter an intestate estate by agreement over and above the Act's requirements. We decline to do so, finding no support for plaintiff's proposition the court erred in its exercise of discretion to modify the Agreement or its interpretation and application of the law.

6

Based on our reading of N.J.S.A. 3B:23-9, we conclude it is irrelevant that plaintiff and Bell agreed to redistribute their intestate shares of the estate. The court appropriately relied on the explicit language of the Act and the applicable case law to conclude that the child support lien against successor Bell must be satisfied, despite the beneficiaries' contrary agreement. There is no legal basis for plaintiff's argument that beneficiaries or successors of an estate can avoid satisfying child support liens simply by agreeing to transfer their share of estate proceeds to others.

Moreover, adopting plaintiff's interpretation of N.J.S.A. 3B:23-9 would generally undermine the rights of children to child support, which runs counter to fundamental principles of longstanding jurisprudence. As the court stated, "the right to child support belongs to the child and may not be waived by a custodial parent" and "[e]ven two parents cannot waive or terminate their duty to support a child by settlement agreement." See Gotlib, 399 N.J. Super. at 305. It is therefore well-settled that a child's right to financial support from the child's parents is a paramount interest which outweighs an estate beneficiary's right to alter distribution under N.J.S.A. 3B:23-9.

A-4003-23

Here, where a child support judgment has been entered, we know of no support for the proposition that a duly entered judgment and lien entered pursuant to N.J.S.A. 2A:17-56.23b may be avoided, even by agreement.[2]

Plaintiff next argues the term "net proceeds" is ambiguous and Bell should be permitted to transfer her portion of the estate prior to distribution. We conclude this argument defies the express language of the statute and is devoid of any legal support. The term "net proceeds" does not demarcate the timing of a distribution, as plaintiff contends. Rather, the statute's use of the term "net proceeds" has been interpreted to mean that "[t]he automatic lien imposed by N.J.S.A. 2A:17-56.23b is against only that portion of a party's settlement, after deduction of litigation costs, which exceeds $2,000. The lien simply does not apply to the first $2,000." Simpkins v. Saiani, 356 N.J. Super. 26, 31 (App. Div. 2002).[3]

---

[2]  The record is devoid of details regarding the children on whose behalf the child support lien was entered. At oral argument, plaintiff argued Bell's children are now adults and the parties' agreement to provide $10,000 to one of her daughters is consistent with the decedent's wishes.

[3]  The Simpkins court specified that "net proceeds," within the context of N.J.S.A. 2A:17-56.23b, only applies to the automatic lien imposed by the statute, and that nothing precludes "[a] child support judgment creditor from seeking to recover some or all of [the first] $2,000, upon a showing that such a recovery would be appropriate." 356 N.J. Super. at 36.

Accordingly, based on our de novo review, we agree with the court that the child support lien attributable to Bell constitutes a priority lien that must be satisfied prior to the distribution of any estate proceeds.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-4003-23