**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0168-17T3

S.W.,

    Plaintiff-Respondent,

v.

E.W.,

    Defendant-Appellant.

_____

Argued December 10, 2018 – Decided March 7, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0214-10.

Angela F. Pastor argued the cause for appellant (Law Offices of Pastor & Pastor, LLC, attorneys; Angela F. Pastor, on the brief).

Derek M. Freed argued the cause for respondent (Ulrichsen, Rosen & Freed, LLC, attorneys; Alexandra M. Freed, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial action, defendant E.W.[1] appeals the trial judge's order of July 14, 2017, requiring him to provide child support for his daughter, M.W., up to her twenty-third birthday; to pay increased child support and supplemental support for M.W. and his other daughter El.W., retroactive to the date three years earlier from when plaintiff S.W. filed her motion for additional support; and to pay plaintiff's counsel fees. Defendant also appeals the August 31, 2017 order denying his motion for reconsideration of the July 14 order. For the reasons that follow, we affirm the orders substantially for the reasons set forth by Judge Craig L. Corson in his written decisions.

I

Married in 1992, the parties had two children, M.W., born March 1994, and El.W., born February 1998. They were divorced on May 31, 2011, in accordance with a final judgment that set forth the following relevant provisions: (1) defendant pay weekly child support in the amount of $271; (2) defendant keep plaintiff informed of "any sales or service agreements entered into by

---

[1] We use initials to protect the identities of the parties involved.

A-0168-17T3

[defendant's company,] TCPWave[,][2]" and provide copies of his W-2, 1099, K-1, and sales records by May 1 of each year; (3) modification of defendant's pendente lite obligation for October 1, 2010, to June 1, 2011, to $2000 per month,[3] with an additional ten dollars per week toward arrears; and (4) defendant begin making child support payments of $200 bi-weekly to be deducted from his base salary, plus thirty-five percent of any commission check until he could make full payments until he makes payment of the full amount set forth in the court's opinion letter.[4]

On April 29, 2014, three years after entry of the final judgment of divorce, plaintiff filed a motion seeking, among other things, an increase in child support and permanent alimony. Before a plenary hearing was held in 2017, the parties

---

[2] The court determined that TCPWave, a computer software development startup, was not a marital asset subject to equitable distribution; however, it was part of defendant's assets and income.

[3] About two months after plaintiff filed for divorce in July 2009, a court order was entered requiring defendant to pay $3000 a month for pendente lite alimony support. Then three months later, defendant was ordered to keep plaintiff up-to-date on all business dealings related to TCPWave and pay M.W.'s college tuition in the monthly amount of $300.

[4] The final judgment also allowed for plaintiff's receipt of monthly alimony. Her post-judgment motion's request to increase her alimony was denied and is not a subject of this appeal.

A-0168-17T3

engaged in time-consuming discovery disputes regarding defendant's income, particularly records pertaining to TCPWave.

At the April 28, 2017 plenary hearing, plaintiff supported her request for increased child support by detailing M.W.'s expenses, such as, car insurance, college tuition, room and board, college textbooks, traveling back and forth to her upstate New York college, cosmetics, entertainment, and a graduate school exam prep course. She asserted that defendant failed to contribute to M.W.'s tuition and board as required by a mediation consent order. She also sought payment of her attorney's fees, including an outstanding amount from a court order.

Dr. Leslie Solomon, a forensic accountant, testified as plaintiff's expert regarding his cash flow analysis of TCPWave and averaging of defendant's income, to support her alimony request. He opined that the company was structured to enable defendant "to leave the money inside the corporation, and . . . to control the amount of income that he has to report on his personal tax return." Dr. Solomon recognized that in his 2012, 2013 and 2014 federal tax returns, defendant reported income of $100,000, $100,000 and $121,667, respectively. However, based on the limited information available to him, Dr. Solomon surmised that defendant's actual funds received from his business

4

averaged $312,000 because the company gave him loans in 2012, in the amount of $200,000, which was unsecured, and in 2014, the amount of $555,000, which was secured by the new home he purchased. Dr. Solomon further questioned some of TCPWave's business expenses, stating they were actually defendant's personal expenses as they "were more personal in nature than necessary to operate [defendant's] business." Hence, Dr. Solomon determined defendant actually collected an average annual salary of $505,000.

Defendant's opposition primarily relied on the reasons that the previous judge applied in determining the final judgment of divorce. He further claimed child support should be eliminated for M.W., who is twenty-four years old and emancipated, and child support for El.W. should be reduced because he pays his share of her college tuition and related expenses. Proof of these payments were not presented at the hearing. Judge Corson denied defendant's request to adjourn the hearing because of the unavailability of his proposed expert[5] regarding TCPWave's accounting methods. In lieu of an expert, defendant explained why TCPWave used an accrual-based accounting method and gave him loans to avoid having the money sit in the business's bank account. Defendant failed to rebut the income averaging presented by Dr. Solomon.

---

[5] TCPWave's accountant.

A-0168-17T3

Judge Corson reserved judgment, issuing an order and written decision on July 17, granting plaintiff's request for an increase in child support, and awarded her attorney's fees. Defendant moved for reconsideration of the order, which the judge denied on August 31. Additionally, the judge granted plaintiff's cross-motion and ordered defendant to pay $250 per week for arrears and attorney's fees within twenty-four hours of the order.

## II

In this appeal, defendant first argues that Judge Corson abused his discretion when he relied on N.J.S.A. 2A:17-56.67 to emancipate M.W. on her twenty-third birthday, ten months after she graduated from college. Defendant asserts that the statute "does not mandate the use of the child's [twenty-third] birthday as a default, [but] rather a cap." In the alternative, he contends the judge was incorrect in stating there was no testimony "presented regarding the likely completion of [M.W.'s] studies . . . , and neither party supplied any testimony, documents, or other proofs regarding [M.W.'s] employment status," because plaintiff indicated that her family took a trip to Italy for M.W.'s graduation and he "testified that [M.W.] was no longer eligible for support due to her age[.]" Thus, defendant argues that the judge had no evidence or basis to make his determination regarding M.W.'s emancipation date.

6

We must first point out that although Judge Corson mentioned N.J.S.A. 2A:17-56.67, he explicitly stated, "this opinion does not address this issue." Thus, the argument that the judge misapplied the statute is without merit.

In addition, defendant's argument is procedurally deficient. Because defendant did not raise the issue of M.W.'s emancipation at the plenary hearing, he could there was no merit to his attempt to not raise the issue in a Rule 4:49-2 motion for reconsideration. As Judge Corson correctly reasoned in rejecting this reconsideration contention, "[d]efendant's failure to present any evidence of [his daughter's] status at the time of the plenary hearing, based upon his assumption that same was acknowledged and stipulated to by [p]laintiff, does not constitute a sufficient basis for this [c]ourt to reconsider [M.W.'s] date of emancipation." To succeed on a reconsideration motion, the moving party must demonstrate, "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (citation omitted). Defendant did not, but could have, raised the issue of the date of M.W.'s emancipation at the plenary hearing. He therefore could not seek reconsideration of the issue under Rule 4:49-2. Hence, we cannot conclude the

judge abused his discretion in denying reconsideration of M.W.'s emancipation. See Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). Moreover, because defendant's argument that Judge Corson abused his discretion when he relied on N.J.S.A. 2A:17-56.67[6] was raised for the first time on appeal, we normally decline to consider the issue on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

Nonetheless, even considering the emancipation issue, defendant failed to satisfy his burden of proof that M.W. became emancipated upon her college graduation. Llewelyn v. Shewchuk, 440 N.J. Super. 207, 215 (App. Div. 2015). The essential question is "whether the child remains unemancipated," despite reaching the age of majority or a change in circumstances. Ricci v. Ricci, 448 N.J. Super. 546, 573 (App. Div. 2017). A child who is enrolled full-time in post-secondary education will ordinarily remain unemancipated, unless the child

---

[6] N.J.S.A. 2A:17-56.67 provides, "[u]nless otherwise provided in a court order or judgment, the obligation to pay child support shall terminate by operation of law without order by the court on the date that a child marries, dies, or enters the military service[,]" or when the "child reaches 19 years of age unless" a parent presents "sufficient proof" of specified circumstances. N.J.S.A. 2A:17-56.67(a)-(c). In any event, the Act mandates that "the obligation to pay child support shall terminate by operation of law when a child reaches [twenty-three] years of age." N.J.S.A. 2A:17-56.67(e). When a child reaches that age, a parent must show "exceptional circumstances" such as "a mental or physical disability" to justify converting child support into "another form of financial maintenance." N.J.S.A. 2A:17-56.67(e)(2).

leaves school and begins earning an independent living.  See Patetta v. Patetta, 358 N.J. Super. 90, 94 (App. Div. 2003) ("while parents are not generally required to support a child over [nineteen], his or her enrollment in a full-time educational program has been held to require continued support.").  To establish emancipation, it must be proven that the child has moved beyond the "sphere of the influence of [the] parents."  Keegan v. Keegan, 326 N.J. Super. 289, 295 (App. Div. 1999).  There was no evidence or testimony as to whether M.W. graduated from college, was employed, or remained dependent on plaintiff and defendant for support.

## III

Defendant contends the judge erred in determining his income by considering the loans he received from TCPWave and the income of a person defendant claimed was employed by TCPWave, because it was not indicative of his true earnings.  We are unpersuaded.

The scope of our review of the Family Part's orders is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  It is well settled that we must defer to the trial judge's findings of fact if supported by sufficient credible evidence in the record.  Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).  We also must "accord deference" to the factual

findings of the Family Part because of that court's "special jurisdiction and expertise in family matters." Id. at 413. "Family Part judges are frequently called upon to make difficult and sensitive decisions regarding the safety and well-being of children[,]" and we will "not second-guess their findings and the exercise of their sound discretion." Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007).

An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). We, however, accord no special deference to the Family Part judge's legal conclusions. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Child support may be revised when the party seeking modification satisfies the burden of showing a change of circumstances from those defined in an existing order. See N.J.S.A. 2A:34-23; Lepis v. Lepis, 83 N.J. 139, 157 (1980); Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990). The imputation of income is a decision left to the sound discretion of the trial court that is "not capable of precise or exact determination[,] but rather require[s] a

trial judge to realistically appraise capacity to earn and job availability." Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015) (quoting Gnall v. Gnall, 432 N.J. Super. 129, 158 (App. Div. 2013)).  Guided by these principles, we find no abuse in Judge Corson's discretionary decision to impute income to defendant from the loans received and personal expenses paid from his business.  Based on the unrebutted testimony and report of Dr. Solomon, and TCPWave's limited financial documents that were made available at trial, the judge imputed defendant with the lower average income of $312,000, instead of the "projected income that may have, or could have been secured without evidence of the same."  As Judge Corson pointed out, defendant consciously withheld information and documentation that was necessary to determine his income from TCPWave, refused to cooperate with various requests for needed documentation, and violated the judgment of divorce by neglecting to provide plaintiff with "any sales or service agreements entered into by TCPWave," copies of his W-2, and sales records by May 1 of each year.

We likewise find no merit to defendant's contention that Judge Corson erred in awarding supplemental child support of $396 retroactive to April 29, 2014, the date plaintiff filed her motion to increase child support.  Because the parties' total net income far exceeded the maximum amount accounted for by

11

the child support guidelines,[7] we are satisfied that the judge did not abuse his discretion in taking into consideration the educational and extracurricular needs of the daughters that was supported by credible evidence in the record. Strahan v. Strahan, 402 N.J. Super. 298, 307 (App. Div. 2008); Isaacson v. Isaacson, 348 N.J. Super. 560, 581-582 (App. Div. 2002); see also N.J.S.A. 2A:34–23(a). We are further satisfied that the judge did not abuse his discretion in making the increased child support retroactive, because he determined defendant was responsible for numerous delays through his constant refusal to comply with discovery requests for necessary documents. See Tash v. Tash, 353 N.J. Super. 94, 100 (App. Div. 2002).

In addition, contrary to defendant's contention, Judge Corson's award of attorney's fees to plaintiff was supported by his findings that defendant's repeated non-compliance with plaintiff's discovery requests of TCPWave's documents delayed the preparation of Dr. Solomon's expert report and caused unnecessary litigation, and that plaintiff had limited financial means to pay for her attorney's fees throughout the litigation. Rule 4:42-9(a)(1); Rule 5:3-5 (c); see also Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000) (holding that

---

[7] Judge Corson determined the parties had a total combined annual income of $383,320; $71,320 for plaintiff and $312,000 for defendant.

A-0168-17T3

a party acting in bad faith must "protect the innocent party from unnecessary costs"). Given that the award was supported by the record, it did not constitute an abuse of discretion nor a clear error in judgment. See Colca v. Anson, 413 N.J. Super. 405, 422 (App. Div. 2010).

Finally, based upon our reasoning set forth above, we see no abuse of discretion in Judge Corson's August 31, 2017 order denying defendant's reconsideration of the judge's July 14, 2017 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION